1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HUNG M NGUYEN,                          No. 2:21–cv–00239–TLN–KJN PS

12                  Plaintiff,               ORDER GRANTING IFP STATUS;
                                             ORDER DENYING RECUSAL;
13        v.                                 FINDINGS AND RECOMMENDATIONS TO
                                             DISMISS WITH PREJUDICE
14   YOLO COUNTY DISTRICT
     ATTORNEY'S OFFICE,                      (ECF Nos. 1, 2, 3.)
15
                   Defendant.
16

17        Plaintiff, who proceeds in this action without counsel, has moved for the undersigned to

18   recuse, and has requested leave to proceed in forma pauperis.[1]  (ECF Nos. 2, 3.)

19        Plaintiff's IFP application makes the showing required by 28 U.S.C. § 1915, and so the

20   request to proceed IFP is granted.  However, the determination that a plaintiff may proceed in

21   forma pauperis does not complete the required inquiry.  Under Section 1915, the court is directed

22   to dismiss at any time if it determines the action is frivolous or malicious, fails to state a claim on

23   which relief may be granted, or seeks monetary relief against an immune defendant.

24        Here, the court finds (I) plaintiff's recusal motion is insufficient, and so is denied; and

25   (II) plaintiff's complaint is brought against an immune defendant and is otherwise frivolous, and

26   so should be dismissed with prejudice.

27   _____

28   [1] This case proceeds before the undersigned pursuant to E.D. Cal. Local Rule 302(c)(21) and 28
     U.S.C. § 636(b)(1).

                                              1

1    **I.      Plaintiff's Motion for Recusal**

2            Legal Standard

3            Federal law allows a judge to recuse from a matter based on a question of partiality:

4            Any justice, judge, or magistrate judge of the United States shall disqualify
             himself in any proceeding in which his impartiality might reasonably be
5            questioned.  He shall also disqualify himself . . . [w]here he has a personal bias or
             prejudice concerning a party, or personal knowledge of disputed evidentiary facts
6            concerning the proceeding . . . .

7    28 U.S.C. 455(a), (b)(1).  A party may seek recusal of a judge based on bias or prejudice:

8            Whenever a party to any proceeding in a district court makes and files a timely
             and sufficient affidavit that the judge before whom the matter is pending has a
9            personal bias or prejudice either against him or in favor of any adverse party, such
             judge shall proceed no further therein, but another judge shall be assigned to hear
10           such proceeding . . . The affidavit shall state the facts and the reasons for the
11           belief that bias or prejudice exists[.]

12   28 U.S.C. § 144.  Relief under Section 144 is conditioned upon the filing of a timely and legally

13   sufficient affidavit.  A judge who finds the affidavit legally sufficient must proceed no further

14   under Section 144 and must assign a different judge to hear the matter.  See 28 U.S.C. § 144;

15   United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  Nevertheless, where the affidavit lacks

16   sufficiency, the judge at whom the motion is directed can determine the matter and deny recusal.

17   See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World

18   Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal

19   sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to

20   another judge)); United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995)

21   (if the affidavit is legally insufficient, then recusal can be denied).

22           The standard for legal sufficiency under Sections 144 and 455 is "'whether a reasonable

23   person with knowledge of all the facts would conclude that the judge's impartiality might

24   reasonably be questioned.'"  Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting

25   United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)); United States v. Studley, 783 F.2d

26   934, 939 (9th Cir. 1986).  To provide adequate grounds for recusal, the prejudice must result from

27   an extrajudicial source.  Sibla, 624 F.2d 864, 867.  A judge's previous adverse ruling alone is not

28   sufficient for recusal.  Nelson, 718 F.2d at 321.

1    <u>Analysis</u>

2            Plaintiff's motion for recusal in this case is substantively insufficient, as it alleges bias,

3    prejudice and impartiality based solely on a previous ruling against plaintiff.[2]  (<u>See</u> ECF No. 3 at

4    2-3.)  It fails to allege facts to support a contention that the undersigned has exhibited bias or

5    prejudice directed towards plaintiff from an extrajudicial source.  <u>Sibla</u>, 624 F.2d at 868.  Thus,

6    plaintiff's allegation is not extrajudicial, does not provide a basis for recusal, and results in denial

7    of his motion.  <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost

8    never constitute a valid basis for a bias or partiality motion."); <u>Studley</u>, 783 F.2d at 939 ("In and

9    of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source;

10   and can only in the rarest circumstances evidence the degree of favoritism or antagonism required

11   . . . when no extrajudicial source is involved.  Almost invariably, they are proper grounds for

12   appeal, not for recusal."); <u>Leslie v. Grupo ICA</u>, 198 F.3d 1152, 1160 (9th Cir. 1999) ("Leslie's

13   allegations stem entirely from the district judge's adverse rulings.  That is not an adequate basis

14   for recusal.") (citations omitted).

15   **II.       <u>Screening of Plaintiff's Complaint under Section 1915</u>**

16           <u>Legal Standards for Screening</u>

17           A federal court has an independent duty to assess whether federal subject matter

18   jurisdiction exists, whether or not the parties raise the issue.  <u>See</u> <u>United Investors Life Ins. Co. v.</u>

19   <u>Waddell & Reed Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

20   to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties

21   raised the issue or not"); <u>accord</u> <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339, 342 (9th Cir. 1996).

22   The court must dismiss the case if, at any time, it determines that it lacks subject matter

23   jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has original jurisdiction

24

25   _____

     [2] This prior case and the instant complaint are both tied to the same underlying events.  <u>See</u>

26   <u>Nguyen v Cache Creek Casino</u>, 2:20-1748 TLN-KJN PS.  In the prior case, plaintiff sued the
     Yocha Dehe Wintun Nation for his ejectment from casino premises, despite the fact that plaintiff

27   was barred from entering the facility due to previous encounters with casino patrons and staff.
     The undersigned recommended plaintiff's case be dismissed under tribal sovereign immunity law,

28   and the presiding district judge adopted the undersigned's recommendations in full.

1   over a civil action when:  (1) a federal question is presented in an action "arising under the

2   Constitution, laws, or treaties of the United States" or (2) there is complete diversity of

3   citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

4        Further, to avoid dismissal for failure to state a claim, a complaint must contain more than

5   "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause

6   of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

7   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8   statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

9   court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

10  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

11  inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When

12  considering whether a complaint states a claim upon which relief can be granted, the court must

13  accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and

14  construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S.

15  265, 283 (1986).

16       Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21

17  (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear

18  that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma

19  pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v.

20  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in

21  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221,

22  1230 (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment

23  would be futile, as when the complaint raises legally frivolous claims.  See Cahill v. Liberty Mut.

24  Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).  A claim is legally frivolous when it lacks an arguable

25  basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy,

26  745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous

27  where it is based on an indisputably meritless legal theory or where the factual contentions are

28  clearly baseless.  Neitzke, 490 U.S. at 327.

4

1      Analysis

2          Plaintiff's factual allegations are rooted in a criminal proceeding initiated against him for

3   trespass on tribal casino grounds, wherein a member of defendant Yolo County District

4   Attorney's office dismissed the charges a few months after plaintiff's ejection and arrest.  (See

5   ECF No. 1, Ex. B.)  Plaintiff asserts the D.A.'s office wrongfully prosecuted him without any

6   legal evidence or probable cause, and that it worked with the Yolo County Police Department to

7   fabricate the police incident reports.  Plaintiff asserts he suffered reputational harm, emotional

8   distress, and disability discrimination (due to an alleged disability).

9          Liberally construed, plaintiff's complaint raises claims under the following sources of

10  law:  violations of his constitutional rights under 42 U.S.C. Sections 1983, 1985(3), 1986, and

11  12132; state law claims for gross negligence and intentional infliction of emotional distress; and

12  allegations of criminal false statements and fraud under 18 U.S.C. Sections 1001 and 1031.

13  Plaintiff seeks $100 million in compensatory and punitive damages, and requests the court to

14  refer civil and criminal charges to the United States Attorney General.  The claims raised, facts

15  alleged in the complaint, facts drawn from the judicially-noticeable documents submitted by

16  plaintiff, all place this case squarely in the realm of prosecutorial immunity and frivolity.

17         Absolute prosecutorial immunity applies for any action taken within the scope of a

18  prosecutor's adjudicatory duties, including filing charges, initiating prosecution or any conduct

19  integral to the judicial phase of the criminal process.  Imbler v. Pachtman, 424 U.S. 409, 421-24

20  (1976).  Further, prosecutors can obtain qualified immunity when they perform administrative or

21  investigative functions beyond their adjudicatory role.  Genzler v. Longanbach, 410 F.3d 630,

22  636 (9th Cir. 2005); see also Lacey v. Maricopa County, 693 F.3d 896, 912 (9th Cir. 2012).

23  Prosecutorial immunity applies to actions under Sections 1983, 1985(3), and 1986.  Imbler, 424

24  U.S. at 421-24 (prosecutorial immunity for § 1983 deprivation of civil rights claims); Sykes v.

25  State of Cal. Dept. of Motor Veh., 497 F.2d 197, 200 (9th Cir. 1974) (prosecutorial immunity for

26  Section 1985(3) conspiracy claims); see also Wagar v. Hasenkrug, 486 F.Supp.47, 50 (D. Mont.

27  1980) (dismissal of Section 1985 conspiracy claims ipso facto requires dismissal of 1986 claim).

28  Prosecutorial immunity also applies to claims of disability discrimination under Section 12132.

1    See Edington v. Yavapai County, 2008 WL 169719, at *3 (D. Ariz. January 15, 2008).

2    Additionally, similar claims under California state law are barred under state immunity laws.  Cal.

3    Gov't Code § 821.6 ("A public employee is not liable for injury caused by his instituting or

4    prosecuting any judicial . . . proceeding within the scope of his employment, even if he acts

5    maliciously and without probable cause."); see also Pagtakhan v. Alexander, 999 F. Supp. 2d

6    1151, 1156-60 (N.D. Cal. 2013) (applying Section 821.6 to claims for false prosecution, general

7    negligence, and intentional infliction of emotional distress).

8         First, defendant has absolute prosecutorial immunity from plaintiff's allegations arising

9    from defendant's decision to prosecute, as well as dismiss his case.  Imbler, at 424 U.S. at 431.

10   To the extent plaintiff alleges defendant "worked with" the Yolo County Sheriff's Office to

11   fabricate the incident report, such allegations are entirely conclusory, as the judicially noticeable

12   documents attached to the complaint show defendant was in no way involved in the writing of the

13   incident report at issue.  (See ECF No. 1, Ex. A.) (demonstrating the citation was issued by the

14   dispatched deputy with assistance from a casino security supervisor).  Once the D.A.'s office

15   became involved, it is clear the prosecution—and not the presiding judge, as plaintiff alleges—

16   elected to dismiss the trespass charge.  (See ECF No. 1, Ex. A and B.)  Therefore, there is no

17   likelihood that plaintiff can plead any plausible facts suggesting defendants acted beyond their

18   adjudicatory role.  As such, plaintiff's federal claims under Sections 1983, 1985(3), 1986, and

19   12132, as well as his California state claims of "gross negligence" and intentional infliction of

20   emotional distress, are barred by immunity.

21        Further, to the extent the complaint raises claims for false statements and fraud under 18

22   U.S.C. Sections 1001 and 1031, plaintiff, as a private citizen, has no authority to bring claims

23   under criminal statutes.  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006)

24   (no private right of action for violation of criminal statutes), see also Dowdell v. Sacramento

25   Hous. & Redevelopment Agency, 2011 WL 837046, at *2 (E.D. Cal. Mar. 8, 2011) (no private

26   right of action under 18 U.S.C. § 1001).

27        Finally, given the prosecutorial immunity and frivolity of plaintiff's Section 1983 claims,

28   his request to refer this case to the United States Attorney General should be denied.  See 42

1  U.S.C. § 2000h-2 (stating that in actions "seeking relief from the denial of equal protection of the

2  laws under the Fourteenth Amendment to the Constitution on account of race, color, religion, sex,

3  or national origin, the Attorney General . . . may intervene in such action upon timely application

4  if the Attorney General certifies that the case is of general public importance.").

5       For these reasons, the court recommends dismissal of plaintiff's claims.  Because further

6  amendment would be futile, the dismissal should be with prejudice.  Cahill, 80 F.3d at 339.

7  **ORDER**

8       Accordingly, IT IS HEREBY ORDERED that:

9    1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED; and

10    2.  Plaintiff's motion to recuse (ECF No. 3) is DENIED.

11  **RECOMMENDATIONS**

12       It is further RECOMMENDED that:

13    1.  Plaintiff's complaint (ECF No. 1) be DISMISSED WITH PREJUDICE; and

14    2.  The Clerk of Court be directed to CLOSE this case.

15  These findings and recommendations are submitted to the assigned United States District Judge,

16  under 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and

17  recommendations, plaintiff may file written objections with the court.  This document should be

18  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is

19  advised that failure to file objections within the specified time may waive the right to appeal the

20  District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

21  Dated:  March 11, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nguy.239